■ In the Matter of HILDA M. BASCH, as Executor of HILDE M. FREMONT, Deceased, and as Trustee of a Trust for LISA BASCH and Others, et al., Petitioners, v NEW YORK CITY LOFT BOARD et al., Respondents. [599 NYS2d 247] —In this CPLR article 78 proceeding to annul the determination of respondent Loft Board, dated October 25, 1990, finding petitioner guilty of harassment and imposing a fine of $3000, which proceeding was transferred to this Court by order of the Supreme Court, New York County (William P. McCooe, J.), entered February 19, 1992, the petition is unanimously granted and respondent's determination annulled, without costs.

Respondent's determination is based upon its finding that by allowing a catering hall on the twelfth floor of the subject premises, a mixed use building at 126 Fifth Avenue which operated without a license, and disregarding the complaints of noise and disruption into the early morning hours and inconveniences caused to the residential tenants on the surrounding floors by large groups of people coming to the twelfth floor on a regular basis, generally weekends, petitioner "owner committed an act of harassment which interfered with and disturbed the comfort, repose and peace and quiet of other residential occupants in the building."

However, Real Property Law § 235-d (1) and section II of respondent's own harassment regulations require that such conduct must be "intended to cause the tenant (i) to vacate a building or part thereof; or (ii) to surrender or waive any rights of such tenant under the tenant's written lease or other rental agreement." There is simply no substantial evidence of the requisite intent on petitioner's part. Concur—Rosenberger, J. P., Kupferman, Asch and Rubin, JJ.